UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-4532

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CALVIN WATTY DRIVER,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Graham C. Mullen, Senior District Judge.  (2:05-cr-00217)

Submitted:  March 27, 2008          Decided:  April 14, 2008

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

R. Edward Hensley, Jr., Maggie Valley, North Carolina, for Appellant.  Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Calvin Watty Driver appeals his sentence for aggravated sexual abuse in Indian country, in violation of 18 U.S.C. §§ 2241(a), 1153 (2000). Driver argues that the district court did not adequately state its reasons for imposing his sentence because it did not specifically discuss the factors enumerated in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2007), and that the district court erred in enhancing his sentence based upon facts that were determined by the court to be proven by a preponderance of the evidence. We affirm.

On a rainy morning in July 2005, Driver was walking on the side of a road in the Eastern Band of Cherokee Indian Reservation in North Carolina. The victim, who knew Driver, was driving to work and stopped to give Driver a ride to his father's residence. Driver told the victim that he had been up all night drinking alcohol. When they arrived at the residence, Driver held an open knife to the victim's throat and forced her to leave her vehicle and walk into the woods with him. Driver then forced her back to the vehicle and made her lie down in the back seat. He kept the knife pointed at her while he drove away from the residence. Driver stopped the vehicle, got into the back seat, and forced the victim to remove her clothes and engage in vaginal intercourse with him.

After driving around a little more, Driver again forced the victim to engage in vaginal intercourse with him. Afterward, Driver and the victim were both in the front seat with the knife between them, and the victim grabbed the knife, jumped out of the moving vehicle, and threw the knife into the woods. Driver stopped and got out to look for the knife, and the victim got into the driver's seat and attempted to drive away. However, Driver came back, forced her back to the passenger's seat, drove to another residence, and exited the vehicle. The victim drove to her place of employment and contacted law enforcement officials.

The base offense level for Driver's conduct, pursuant to <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 2A3.1 (2005), was level 30. The probation officer who prepared Driver's Presentence Investigation Report recommended a four-level enhancement pursuant to § 2A3.1(b)(1) because Driver pointed a knife at the victim before, during, and after the aggravated sexual assault, and that conduct constituted a threat of death or serious bodily injury as described in 18 U.S.C. § 2241(a)(2). The officer also recommended a four-level enhancement pursuant to § 2A3.1(b)(5) because Driver abducted the victim by forcing her back to the passenger side of the car after she attempted to escape by driving away. With the enhancements, Driver's total offense level was 38. Based upon that offense level and Driver's criminal history category of IV, the guidelines range for his sentence was 324 to 405 months'

imprisonment. The probation officer did not recommend any departure or variance from the guidelines range.

Driver objected to the enhancements, arguing that they were based upon facts that were not admitted by him, submitted to the jury, or found by the jury beyond a reasonable doubt, in violation of his rights under the Sixth Amendment of the United States Constitution. The Government responded to Driver's objections, arguing that enhancements based upon facts not submitted to a jury and proven beyond a reasonable doubt do not violate the Sixth Amendment under the advisory guidelines sentencing scheme adopted by the Supreme Court in United States v. Booker, 543 U.S. 220 (2005). At Driver's sentencing hearing, the district court adopted the findings in the PSR, finding that the Government's response to Driver's objections was correct. The court stated, "I don't see anything in here, either briefed or otherwise, that invokes [18 U.S.C.A. §] 3553(a) and the factors there, and I don't see anything in those factors that's not already considered in the Guidelines." Driver argued through counsel that his age and family responsibilities entitled him to a more lenient sentence, but the district court found that the evidence and arguments presented did not justify a sentence below the guidelines range. The court sentenced Driver to 324 months' imprisonment, at the low end of the guidelines range. Driver noted a timely appeal.

We review a sentence to determine whether it is reasonable, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 596 (2007). If the sentence is within the guidelines range, we may presume that it is reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). A district court must explain the sentence it imposes sufficiently for this court to effectively review its reasonableness, but need not mechanically discuss all the factors listed in § 3553(a). United States v. Montes-Pineda, 445 F.3d 375, 380 (4th Cir. 2006). The court's explanation should indicate that it considered the § 3553(a) factors and the arguments raised by the parties. Id. We do not evaluate the adequacy of the district court's explanation "in a vacuum," but also consider "[t]he context surrounding a district court's explanation." Id. at 381.

Driver was sentenced at the low end of the guidelines range for his offense, and, therefore, we may presume that his sentence is reasonable. Although the district court did not discuss individual § 3553(a) factors at sentencing, the court indicated that it considered the guidelines advisory, heard argument regarding the § 3553(a) factors, and found that the facts and arguments presented did not justify a sentence below the guidelines range. We conclude that the district court adequately considered the § 3553(a) factors in stating its reasons for Driver's sentence.

- 5 -

After the Supreme Court's decision in <u>Booker</u>, a district court is no longer bound by the range prescribed by the sentencing guidelines. <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005). Under an advisory guidelines scheme, a district court does not violate the Sixth Amendment by making factual findings as to sentencing factors by a preponderance of the evidence as long as the fact-finding does not enhance the sentence beyond the maximum term specified in the substantive statute. <u>See</u> <u>United States v. Morris</u>, 429 F.3d 65, 72 (4th Cir. 2005) (holding that "<u>Booker</u> does not in the end move any decision from judge to jury, or change the burden of persuasion").

In this case, the district court enhanced Driver's guidelines sentence based upon facts that were not found by a jury beyond a reasonable doubt, but that were found by the district court judge by a preponderance of the evidence. Because the court treated the guidelines as advisory pursuant to <u>Booker</u>, the enhancement did not violate Driver's Sixth Amendment rights.

We affirm Driver's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>